```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
PAUL NAPOLI and MARIE KAISER         :
NAPOLI,                              :
                                     :    21-cv-9279 (JSR)(RWL)
         Plaintiffs,                 :
                                     :    MEMORANDUM ORDER
    -v-                              :
                                     :
NATIONAL SURETY CORPORATION,         :
                                     :
         Defendant.                  :
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

On May 19, 2022, Magistrate Judge Robert Lehrburger issued a Report and Recommendation ("Report") in the above-captioned matter recommending that the Court grant the motion of defendant National Surety Corporation ("NSC") to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 38. Plaintiffs Paul and Marie Kaiser Napoli timely filed objections to the Report dated June 2, 2022. See ECF No. 39. Accordingly, the Court has reviewed the underlying motion and considered the plaintiffs' objections de novo. Having done so, the Court finds itself in complete agreement with Magistrate Judge Lehrburger's Report and hereby adopts its reasoning by reference.

The plaintiffs' first two objections to the Report contend that the Magistrate Judge erred in determining that the factual allegations in the underlying Rubin complaint arise solely out of Paul Napoli's business activities and in construing the

1

Business Records Exclusion narrowly. The plaintiffs repeat arguments raised previously that because the Rubin complaint's allegations of frivolous lawsuits and defamatory statements could potentially give rise to a covered claim, NSC has a duty to defend in the Rubin action. But the only two claims against Paul Napoli, as opposed to the Napoli law firms, concern Rubin's employment by Napoli's law firms and are thus excluded by the "clear and unmistakable language" of the Business Records Exclusion. Pioneer Tower Owners Ass'n v. State Farm Fire & Cas. Co., 908 N.E.2d 875, 877 (N.Y. 2009) (internal quotation marks omitted).

The plaintiffs' argument that the Magistrate Judge focused on the claims as opposed to the factual allegations in the Rubin complaint is beside the point. The Rubin complaint does not suggest a "reasonable possibility of coverage" where its factual allegations of employment discrimination on the basis of sex are grounded in Rubin's employment by Napoli's law firm. Regal Const. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, 930 N.E.2d 259, 261 (N.Y. 2010) (internal quotation marks omitted). Nor does this constitute an unduly narrow reading of the Business Records Exclusion, which, in "clear and unmistakable language," excludes from coverage damages arising out of the "business activities" of any insured.

2

The plaintiffs' third and final objection to the Report is that because Marie Napoli is mentioned by name in the Rubin complaint's allegations, she is owed a duty to defend by NSC. But there must be some suit or claim as to Marie Napoli to trigger the duty to defend, and the Rubin complaint neither names Marie Napoli as a defendant nor brings any claims against her. See, e.g., Atl. Cas. Ins. Co. v. Value Waterproofing, Inc., 918 F.Supp.2d 243, 261 (S.D.N.Y. 2013), aff'd sub nom. Atl. Cas. Ins. Co. v. Greenwich Ins. Co., 548 F. App'x 716 (2d Cir. 2013) (summary order). Accordingly, and apart from the Business Records Exclusion, the Court grants NSC's motion to dismiss as against Marie Napoli.

Finally, the plaintiffs renew their request, made orally at argument before Magistrate Judge Lehrburger, for leave to amend their complaint for a second time. They do not, however, provide any examples of factual allegations they would add if given leave to amend, let alone examples of additional factual allegations that would be sufficient to survive the motion to dismiss. The Court thus denies as futile the plaintiffs' request to amend the complaint for a second time.

For the reasons stated above, the Court hereby grants NSC's motion to dismiss the amended complaint with prejudice. The

Clerk of Court is directed to close the entry at docket number 24 and enter judgment.

    SO ORDERED.

Dated:   New York, NY
         June /6, 2022

                                    JED S. RAKOFF, U.S.D.J.